# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
WILLIAM AYSCUE, a minor,            *
by his parents LAURA AND RUSSELL    *        No. 13-125V
AYSCUE,                             *
                    Petitioners,    *        Special Master Christian J. Moran
                                    *
v.                                  *        Filed: August 7, 2013
                                    *
SECRETARY OF HEALTH                 *        Stipulation; haemophilus influenza type B
AND HUMAN SERVICES,                 *        and Prevnar vaccines; myositis, periostitis,
                                    *        osteomyelitis, periosteal abscess
                    Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### UNPUBLISHED DECISION[1]

Michael G. McLaren, Black & McLaren, Memphis, TN, for Petitioner;
Tara J. Kilfoyle, U.S. Department of Justice, Washington, D.C., for Respondent.

On August 5, 2013, the parties filed a joint stipulation concerning the petition for compensation filed by Laura and Russell Ayscue, on behalf of their son, William Ayscue ("William") on February 19, 2013. In their petition, petitioners alleged that the haemophilus influenza type B and Prevnar vaccines, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which William received on March 26, 2012, caused him to develop a limp, thigh swelling, myositis, periostitis, left femoral osteomyelitis with febrile illness, and a possible periosteal abscess, and that these injuries resulted in inpatient hospitalization and surgical intervention. Petitioners represent that there has been no prior award or settlement of a civil action for damages on their behalf as a result of William's condition.

Respondent denies that the haemophilus influenza type B and Prevnar vaccines caused William's limp, thigh swelling, myositis, periostitis, left femoral osteomyelitis with febrile illness, or possible periosteal abscess, or any other injuries, or his current condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A. A lump sum payment of $1,600.00 in the form of a check payable to petitioners, Laura Ayscue and Russell Ayscue.**

**B. A lump sum payment of $16,500.00 in the form of a check payable to petitioners as guardians of William's estate.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-125V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

WILLIAM AYSCUE, a minor,        )
by his parents LAURA AND RUSSELL )
AYSCUE,                          )
                                 )
    Petitioners,   )
                                 )   No. 13-125V
v.                               )   Special Master Christian Moran
                                 )   ECF
                                 )
SECRETARY OF HEALTH AND HUMAN )
SERVICES,                        )
                                 )
    Respondent.    )
                                 )

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, William Ayscue ("William"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to William's receipt of haemophilus influenza type B and pneumococcal conjugate ("Prevnar") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. William received haemophilus influenza type B and Prevnar vaccines on March 26, 2012.

3. These vaccines were administered within the United States.

4. Petitioners allege that the haemophilus influenza type B and Prevnar vaccines caused William to develop a limp, thigh swelling, myositis, periostitis, left femoral

osteomyelitis with febrile illness, and a possible periosteal abscess, and that these injuries resulted in inpatient hospitalization and surgical intervention.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of William as a result of his condition.

6. Respondent denies that the haemophilus influenza type B and Prevnar vaccines are the cause of William's limp, thigh swelling, myositis, periostitis, left femoral osteomyelitis with febrile illness, or possible periosteal abscess, or any other injuries, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of $1,600.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Laura Ayscue and Russell Ayscue; and

b. A lump sum of $16,500.00 in the form of a check payable to petitioners as guardians of William's estate.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to

further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of William as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of William's estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of William's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of William Ayscue at the

3

time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of William Ayscue upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of William, on behalf of themselves, William, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of William resulting from, or alleged to have resulted from, the haemophilus influenza type B and Prevnar vaccinations administered on March 26, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about February 19, 2013, in the United States Court of Federal Claims as petition No. 13-125V.

15. If William should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this

4

Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the haemophilus influenza type B and Prevnar vaccines caused William's limp, thigh swelling, myositis, periostitis, left femoral osteomyelitis with febrile illness, or possible periosteal abscess, or any other injuries, or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of William Ayscue.

END OF STIPULATION

5

Respectfully submitted,

PETITIONERS:

_(signature)_
LAURA AYSCUE

_(signature)_
RUSSELL AYSCUE

ATTORNEY OF RECORD FOR
PETITIONERS

_(signature)_
MICHAEL G. MCLAREN, ESQ.
BLACK MCLAREN JONES
RYLAND & GRIFFE, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535

AUTHORIZED
REPRESENTATIVE OF THE
ATTORNEY GENERAL:

_(signature)_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_(signature)_
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_(signature)_
TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: 8/5/13

6